UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CELINA INSURANCE GROUP ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:22-CV-39-HAB |
| ) | |
| CARL ZINSMEISTER, ) | |
| DOUGLAS STEPHAN, AND ) | |
| DICK AND AUDREY STEPHAN, LP ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER GRANTING DEFAULT JUDGMENT AS TO DEFENDANT DICK AND AUDREY STEPHAN, LP**

After obtaining an entry of default (ECF No. 14) against Defendant Dick and Audrey Stephan, LP, Plaintiff, Celina Insurance Group's (Celina) moved for a Default Judgment. (ECF No. 16). Because the Defendant failed to appear or otherwise defend and the Plaintiff is entitled to a default judgment, the Motion is GRANTED.

*I. Procedural Background*

On February 2, 2022, Celina filed a Complaint for Declaratory Judgment in this Court seeking a judicial declaration that it had no obligation to defend or indemnify Carl Zinsmeister for the lawsuit filed against him by Douglas Stephan and Dick and Audrey Stephan, LP in Huntington County, Indiana Circuit Court under Cause No 35C01-2004-CT-238 (the "Underlying Lawsuit") under Celina Farm Security Policy No. 8009816-0 with effective dates of October 19, 2017, through October 19, 2018 (the "Policy").

On February 11, 2022, Dick and Audrey Stephan, LP was served via certified mail with a Summons and copy of Celina's Complaint for Declaratory Judgment. Dick and Audrey

Stephan, LP was required to appear, plead, answer, or otherwise move with respect to Celina's Complaint for Declaratory Judgment by March 5, 2022, but did not do so.

## II.    Analysis

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b). Because this action seeks a declaratory judgment, Celina "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Rule 55(b) requires Celina to establish the following for the grant of a default judgment: "(1) when and against what parties the default was entered; (2) the pleading as to which default was entered; (3) that the defaulting parties are neither infants nor incompetent; (4) that the defendants are not in military service; and (5) that notice has been served on the defaulting party." *Firemen's Insurance Company of Washington, D.C. v. Swinney*, 2017 WL 6620882, at *2 (S.D. Ind. Dec. 27, 2017).

Here, the Clerk issued entry of default against Dick and Audrey Stephan, LP on September 21, 2022. Celina represents that Dick and Audrey Stephan, LP is not known to be in the military, an infant, or incompetent. (ECF No. 16, ¶8). Finally, Celina indicated that Dick and Audrey Stephan, LP was served via certified mail with a Summons and Complaint on February 11, 2022, and filed proof of service. (ECF No. 16-2).

## **CONCLUSION**

Celina's motion for default judgment (ECF No. 16) is GRANTED. The Court DECLARES that Dick and Audrey Stephan, LP is barred from seeking a judicial declaration that: (1) the Policy issued by Celina to Carl Zinsmeister provides coverage for any of the claims asserted in the Underlying Lawsuit; (2) Celina is legally obligated to defend Carl Zinsmeister against the Underlying Lawsuit; and (3) Celina is legally obligated to indemnify Carl Zinsmeister against the Underlying Lawsuit.

SO ORDERED on November 8, 2022.

                                              s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT